KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Robert F. Lindley, Jr.,

                Plaintiff,

vs.

Charles L. Ryan, et al.,

                Defendants.

No.  CV 12-1422-PHX-DGC (MEA)

**ORDER**

Plaintiff Robert F. Lindley, Jr., who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis*.  In an August 17, 2012 Order, the Court referred this case to mediation, stayed the action for 90 days, and deferred consideration of the Application to Proceed *In Forma Pauperis*.  The Court also instructed the Attorney General Office to enter a limited appearance for the purpose of settlement.

A settlement conference was held and the parties failed to reach an agreement.  In an October 16, 2012 Order, the Court vacated the stay and denied the Application to Proceed *In Forma Pauperis* with leave to re-file.  On November 5, 2012, Plaintiff filed a new Application to Proceed (Doc. 8).

The Court will order Defendants Ryan, McMorran, and Kinton to answer Count One of the Complaint and will dismiss the remaining claim and Defendant without

TERMPSREF

1  prejudice.

2  **I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

3       Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

4  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

5  The Court will assess an initial partial filing fee of $8.22.  The remainder of the fee will

6  be collected monthly in payments of 20% of the previous month's income each time the

7  amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

8  separate Order requiring the appropriate government agency to collect and forward the

9  fees according to the statutory formula.

10  **II.    Statutory Screening of Prisoner Complaints**

11       The Court is required to screen complaints brought by prisoners seeking relief

12  against a governmental entity or an officer or an employee of a governmental entity.  28

13  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

14  has raised claims that are legally frivolous or malicious, that fail to state a claim upon

15  which relief may be granted, or that seek monetary relief from a defendant who is

16  immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

17       A pleading must contain a "short and plain statement of the claim *showing* that the

18  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

19  not demand detailed factual allegations, "it demands more than an unadorned, the-

20  defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

21  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

22  conclusory statements, do not suffice." *Id.*

23       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

24  claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

25  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

26  content that allows the court to draw the reasonable inference that the defendant is liable

27  for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible

28  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

1  on its judicial experience and common sense." *Id.* at 1950.  Thus, although a plaintiff's

2  specific factual allegations may be consistent with a constitutional claim, a court must

3  assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*

4  at 1951.

5       But as the United States Court of Appeals for the Ninth Circuit has instructed,

6  courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

7  342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

8  stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*

9  *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

10  **III.   Complaint**

11       Plaintiff names the following Defendants in the Complaint: Arizona Department

12  of Corrections ("ADOC") Director Charles Ryan; Correctional Officer IV Truog; Acting

13  Facility Health Administrator Bruce McMorran; and Acting Facility Health

14  Administrator John Kinton.

15       Plaintiff raises two claims for relief.  In Count One, Plaintiff alleges that his

16  Eighth Amendment rights were violated when he was denied adequate medical care for

17  "a cyst located in his left temporal lobe, as well as from symptoms medically indicative

18  of first stage rheumatoid arthritis."  Plaintiff claims that he received a CAT-scan in

19  March 2010, and that as a result of the scan, he was referred for a consultation with a

20  neurologist.  The consultation took place in July 2010 and the neurologist ordered a

21  consultation for Plaintiff with a neurosurgeon.  Plaintiff submitted Health Needs Requests

22  ("HNRs") on August 26, 2010, September 16, 2010, and October 5, 2010, requesting

23  information on the scheduling status of the consultation.  Plaintiff received a response on

24  December 20, 2010 from Defendant McMorran that stated that Plaintiff's consultation

25  was approved and would be scheduled.

26       Plaintiff submitted additional HNRs on February 25 and July 8, 2011, stating that

27  he had not yet been scheduled for a consultation with neurosurgeon.  On August 1, 2011,

28  more than one year after the order for the consultation was issued, Plaintiff filed an

1   informal grievance regarding the issue as he had still not been scheduled for a
2   consultation.  Plaintiff filed a formal grievance on September 2, 2011.  Defendant Kinton
3   responded to the grievance but failed to resolve Plaintiff's complaints.

4        Plaintiff further claims that Defendant Ryan is aware of the flaws and
5   shortcomings of the ADOC's medical care system and has failed to correct the problems.
6   Plaintiff alleges that Defendant Ryan, in responding to Plaintiff's grievance appeal, failed
7   to address the issue of scheduling a consultation with a neurosurgeon.

8        With respect to Defendant McMorran, Plaintiff claims that Defendant McMorran
9   "had an official duty and obligation to investigate Plaintiff's request for medical care and
10  treatment, and to thereby ensure that Plaintiff received the consultation with the neuro
11  'surgeon' as was recommended and ordered, and to also ensure he receive[d] any
12  care/treatment that may have resulted from that consultation."  Plaintiff claims Defendant
13  McMorran was deliberately indifferent to his serious medical needs.

14       Similarly, Plaintiff claims that Defendant Kinton "had an official duty to and
15  obligation to investigate Plaintiff's request for medical care and treatment, and to . . .
16  ensure that Plaintiff receive[d] the consultation with the neuro 'surgeon' as was
17  recommended and ordered, and to also ensure he receive[d] any care/treatment that may
18  have resulted from the consultation."  Plaintiff also claims that Defendant Kinton was
19  deliberately indifferent to his serious medical needs.

20       In Count Two, Plaintiff claims that Defendants' failure to provide him with
21  adequate medical care constitutes a violation of his Fourteenth Amendment due process
22  rights.  Plaintiff also claims that Defendants violated his Fourteenth Amendment due
23  process rights when they denied or failed to properly process his grievances.
24  Specifically, Plaintiff claims that Defendant Truog returned his medical grievance
25  appeals as "unprocessed" and that Defendants McMorran and Kinton failed to allow
26  Plaintiff to redress his medial concerns effectively through the ADOC grievance system
27  by failing to properly process his grievances.

28       Plaintiff seeks injunctive relief and money damages.

1    **IV.    Failure to State a Claim**

2         **A.    Grievances**

3         Although Prisoners have a First Amendment right to file prison grievances,

4    *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), "[t]here is no legitimate claim of

5    entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

6    1988), and the failure to follow grievance procedures does not give rise to a due process

7    claim. *See Flournoy v. Fairman*, 897 F. Supp. 350, 354 (N.D. Ill. 1995) (jail grievance

8    procedures did not create a substantive right enforceable under § 1983); *Spencer v.*

9    *Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system

10   procedures do not deprive inmates of constitutional rights).  "[N]o constitutional right

11   was violated by the defendants' failure, if any, to process all of the grievances [plaintiff]

12   submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  In

13   addition, "[t]he right to petition the government for redress of grievances . . . does not

14   guarantee a favorable response, or indeed any response, from state officials.  Moreover,

15   the First Amendment's right to redress of grievances is satisfied by the availability of a

16   judicial remedy." *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003); *see*

17   *also Ashann-Ra v. Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply

18   with state's grievance procedure is not actionable under § 1983 and does not compromise

19   an inmate's right of access to the courts).

20        Accordingly, Plaintiff has failed to state a claim against Defendant Truog in Count

21   One for failure to process his grievances.  Plaintiff has similarly failed to state a claim in

22   Count Two for a violation of his due process rights with respect to processing of his

23   grievances.  The Court will dismiss Defendant Truog and the grievance portion of Count

24   Two.

25        **B.    Fourteenth Amendment Medical Claims**

26        A *pretrial detainee's* claim for unconstitutional conditions of confinement arises

27   from the Fourteenth Amendment Due Process Clause rather than from the Eighth

28   Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S.

520, 535 and n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  In this case, Plaintiff is a convicted prisoner, not a pretrial detainee, and his right to medical care stems directly from the Eighth Amendment. Plaintiff does not have a separate Fourteenth Amendment due process right to medical care.   This portion of Count Two fails to state claim.

As no claims now remain in Count Two, the Court will dismiss Count Two for failure to state a claim.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has adequately stated an Eighth Amendment medical claim against Defendants Ryan, McMorran, and Kinton in Count One; the Court will require these Defendants to answer Count One.

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv

1    5.4.  Failure to comply may result in the filing being stricken without further notice to

2    Plaintiff.

3         **D.    Possible Dismissal**

4         If Plaintiff fails to timely comply with every provision of this Order, including

5    these warnings, the Court may dismiss this action without further notice.  *See Ferdik v.*

6    *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

7    for failure to comply with any order of the Court).

8    **IT IS ORDERED:**

9         (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 8) is **granted**.

10        (2)    As required by the accompanying Order to the appropriate government

11   agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing

12   fee of $8.22.

13        (3)    Count Two is **dismissed** without prejudice.

14        (4)    Defendant Truog is **dismissed** without prejudice.

15        (5)    Defendants Ryan, McMorran, and Kinton must answer Count One.

16        (6)    The Clerk of Court must send Plaintiff a service packet including the

17   Complaint (Doc. 1), this Order, and both summons and request for waiver forms for

18   Defendants Ryan, McMorran, and Kinton.

19        (7)    Plaintiff must complete[1] and return the service packet to the Clerk of Court

20   within 21 days of the date of filing of this Order.  The United States Marshal will not

21   provide service of process if Plaintiff fails to comply with this Order.

22        (8)    If Plaintiff does not either obtain a waiver of service of the summons or

23   complete service of the Summons and Complaint on a Defendant within 120 days of the

24   filing of the Complaint or within 60 days of the filing of this Order, whichever is later,

25   ───────────────

26        [1]If a Defendant is an officer or employee of the Arizona Department of
     Corrections, Plaintiff must list the address of the specific institution where the officer or
27   employee works.  Service cannot be effected on an officer or employee at the Central
     Office of the Arizona Department of Corrections unless the officer or employee works
28   there.

1  the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m);

2  LRCiv 16.2(b)(2)(B)(i).

3       (9)    The United States Marshal must retain the Summons, a copy of the

4  Complaint, and a copy of this Order for future use.

5       (10)   The United States Marshal must notify Defendants of the commencement

6  of this action and request waiver of service of the summons pursuant to Rule 4(d) of the

7  Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this

8  Order.  **The Marshal must immediately file signed waivers of service of the**

9  **summons.  If a waiver of service of summons is returned as undeliverable or is not**

10 **returned by a Defendant within 30 days from the date the request for waiver was**

11 **sent by the Marshal, the Marshal must**:

12           (a)    personally serve copies of the Summons, Complaint, and this Order

13       upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

14       and

15           (b)    within 10 days after personal service is effected, file the return of

16       service for Defendant, along with evidence of the attempt to secure a waiver of

17       service of the summons and of the costs subsequently incurred in effecting service

18       upon Defendant.  The costs of service must be enumerated on the return of service

19       form (USM-285) and must include the costs incurred by the Marshal for

20       photocopying additional copies of the Summons, Complaint, or this Order and for

21       preparing new process receipt and return forms (USM-285), if required.  Costs of

22       service will be taxed against the personally served Defendant pursuant to Rule

23       4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the

24       Court.

25       (11)   **A Defendant who agrees to waive service of the Summons and**

26 **Complaint must return the signed waiver forms to the United States Marshal, not**

27 **the Plaintiff.**

28

(12)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14)   This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 22nd day of January, 2013.


_____
David G. Campbell
United States District Judge